SARTAIN, Judge.
Plaintiff brings this appeal from summary judgment granted in favor of defendant. The suit was prompted by a dispute over the coverage vel non provided by defendant on plaintiff’s insured’s automobile stolen from defendant’s insured’s premises.
The record reflects plaintiff, in his original petition, alleged that his insured, Charlie Hammonds, deposited an automobile with Fornoff Oldsmobile Cadillac, defendant’s insured, “to be sold on a commission basis.” On the same day the car was deposited, it was stolen. Plaintiff paid his insured the value of the car and became subrogated to whatever claim existed in favor of its insured.
In its answer, defendant admitted the car was deposited with its insured for sale. Subsequently, defendant filed a motion for summary judgment, attaching the policy to the motion showing therein an exclusion of coverage on an automobile in custody of the insured for purposes of demonstration or sale.
Plaintiff, in opposition to the motion, filed an affidavit of Mr. Hammonds, the owner, which stated the purposes for which the car was left with Fornoff.
After considering the pleadings, the policy and the affidavit, the trial judge found no material issue of fact existed and rendered judgment in favor of defendant. For the following reasons, we affirm.
From the language in plaintiff’s affidavit, we note that he admits the car was to be sold by Fornoff if a buyer could be found. Paragraph two of the affidavit states:
“That on or about the morning of Friday, January 26, 1973, he brought his 1970 Cadillac to Fornoff’s Motor Company, Inc. for storage and safe keeping, in addition to allowing Fornoff to sell said automobile on a commission basis if a buyer was found. If said automobile was not sold, it was to be stored and kept safe until Mr. Hammonds could dispose of the automobile himself.”
It is obvious from the statement in plaintiff’s own affidavit that the primary and *771 initial purpose for leaving the car with defendant’s insured was in order for it to be sold. If it could not be sold, then it was to be stored until plaintiff’s insured could find a buyer himself.
Defendant clearly excludes from the umbrella of its coverage cars left with the insured for the purposes of sale. The applicable provision states:
“Exclusions
This insurance does not apply, under the Garagekeepers’ Legal Liability Coverages :
(a) * * *
(b) to an automobile or other property ******
(2) in the custody of the named insured for demonstration or sale;”
For the above assigned reasons, the decision of the trial court is affirmed with all costs taxed to appellant.
Affirmed.